Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

**RUBEN DOMINGUEZ,** *Individually*
*and on behalf of others similarly situated,*

                            **Plaintiff**

v.                                                 **COMPLAINT**
                                                       Index No.

                                                       **COLLECTIVE ACTION UNDER**
                                                       **29 USC § 216(b)**

                                                       **JURY TRIAL DEMANDED**

**MARK TELMANY, Individually**
**and AMERICAN TOUR & TRAVEL INC.**
**d/b/a US COACHWAYS**

                            **Defendants.**
-------------------------------------------------------------------------x

1.      Plaintiff Ruben Dominguez ("Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

### NATURE OF THE ACTION

2.      This Action on behalf of Plaintiff, individually and on behalf of other similarly situated employees of American Tour & Travel Inc. d/b/a US Coachways ("US Coachways"), and Mark Telmany individually (collectively "Defendants"), who performed work at US Coachways as non-exempt cleaners (collectively "Cleaners"), seeks the recovery of unpaid wages and related damages for overtime hours worked, while employed by Defendants. Plaintiff

seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Throughout the course of Plaintiff's employment, Defendants failed to compensate its non-exempt Cleaners with overtime premiums for hours worked over 40 per workweek.

4. Plaintiff and Cleaners are not exempt from the overtime pay requirements under federal or state law.

5. Defendants have failed to monitor and/or properly record the actual hours worked by its non-exempt employees.

6. Defendants have applied the same employment policies, practices and procedures to all of its Cleaners.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

9. Plaintiff, a resident of New York State, was employed as a cleaner for Defendants from 2013 through January 4, 2020. Plaintiff was employed by Defendants during the relevant limitations periods.

10. Plaintiff's consent to sue form is attached as Exhibit "A."

11. US Coachways is a New York Corporation and operates at 100 St. Mary's Ave. Staten Island, NY 10305.

12. Defendant Mark Telmany is the owner and CEO of US Coachways.

13. Upon information and belief, US Coachways has an annual gross volume of sales in excess of $500,000.00.

14. US Coachways advertises itself as a nationwide charter bus rental company.[1]

15. At all relevant times, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

16. At all relevant times, Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

17. All Defendants are hereinafter collectively referred to as "Defendants."

### FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

---

[1] https://www.uscoachways.com/about

and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay one and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## FACTUAL ALLEGATIONS

21. Defendants committed the following alleged acts knowingly, willfully and intentionally.

22. Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiff and the Cleaners would economically injure Plaintiff and the Cleaners and violated state and federal laws.

23. Plaintiff was employed as a bus cleaner for Defendants from 2013 through January 4, 2020.

24. Plaintiff's job duties included cleaning buses owned and/or operated by US Coachways, including vacuuming seats, mopping floors, and cleaning bathrooms.

25. Upon information and belief, these buses would subsequently be rented out to customers and driven across state lines.

26. Throughout the course of his employment, Plaintiff generally worked 6 days per week for Defendants.

27. Throughout the course of his employment, Plaintiff generally worked from 2:00 am through 10:00 am, 8 hours per day, for 48 hours per week.

28. Plaintiff was paid a flat rate of $150.00 per day from 2013 through 2015, and $160.00 per day from 2015 through the end of his employment.

29. Plaintiff was paid in cash on a weekly basis until 2015, and after 2015, Plaintiff was paid in check.

30. Plaintiff and the Cleaners often worked in excess of forty (40) hours per workweek.

31. Plaintiff and the Cleaners were paid straight time for their hours worked over forty (40) per week.

32. Defendants unlawfully failed to pay the Plaintiff and the Cleaners one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

33. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiff and the Cleaners with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

34. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiff and the Cleaners with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

35. Defendant Telmany has control over US Coachways' pay procedures, including but not limited to setting rates of pay for employees.

44. Defendants have willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

45. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

46. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation

### THIRD CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

49. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

50. Defendants' failure to make, keep and preserve accurate records was willful.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

7

52. WHEREFORE, Plaintiff, individually and on behalf of the putative class prays for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   d. Designation of Plaintiff as representative plaintiff of the FLSA Collective Plaintiffs;

   e. Penalties available under applicable laws;

   f. Costs of the action incurred herein, including expert fees;

   g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

   h. Pre-judgment and post-judgment interest, as provided by law; and

   i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York  
       February 28, 2020

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack (DR-2642)  
39 Broadway, Suite 1530  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of US Coachways and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Ruben D·H_    02/28/20    _Ruben Dominguez_
Signature         Date         Printed Name